[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISQUALIFY COUNSEL (No. 102)
This case involves a partnership dispute between father and son in which the bonds of filial, not to mention partnership, affection seem to have become considerably loosened. (The parties, Brian Collins, Sr. and Brian Collins, Jr., will be referred to as "Senior" and "Junior.") Senior is suing Junior, and Junior is seeking to disqualify Senior's attorney. The attorney sought to be disqualified represented both Senior and Junior in forming the partnership in question, drafted the partnership agreement between the two, and now represents Senior in suing Junior for breach of that very same partnership agreement. Under these circumstances, the motion to disqualify must be granted.
The evidence has been stipulated by the parties. The attorney in question, Robert W. Lynch ("Lynch"), represented both Senior and Junior in forming a partnership known as Brian's Floor Covering Supplies. Lynch represented Senior and Junior in obtaining the real estate owned by the partnership and drafted the partnership agreement. The agreement is dated November 14, 1995.
This action was commenced by service of process on March 8, 1999. Senior is the sole plaintiff, and Junior is the sole defendant. Lynch is Senior's attorney. Senior's amended complaint is in four counts. The first count alleges that Junior breached the partnership agreement in 1998. The partnership agreement to which the allegation refers is the very partnership agreement that Lynch drafted. (A copy of the agreement is attached to the complaint.) The second count alleges that Junior wrongfully converted Senior's interest in the partnership for himself. The CT Page 9041 third count alleges that Junior breached his fiduciary obligations to Senior in the conduct of the partnership business. The fourth count alleges a CUTPA violation. Conn. Gen. Stat. §§42-110a, et seq.
On May 18, 1999, Junior filed the motion to disqualify now before the Court. The motion was heard on June 29, 1999. Postargument briefs were submitted on July 9, 1999. For the reasons described below, the motion must be granted.
Junior's motion invokes numerous provisions of the Rules of Professional Conduct, but since one provision is clearly dispositive, it is unnecessary to discuss the others. Rule 1.9 provides in relevant part as follows:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(1) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
With this provision in mind, the issue presented in this case can be more sharply focused. It is unquestioned in this case that: (A) Lynch represented Junior in a matter (the formation of the partnership and the drafting of the partnership agreement); (B) Lynch now represents Senior in a matter (this lawsuit) in which Senior's interests are materially adverse to the interests of Junior; and (C) Junior has not consented to Lynch's representation of Senior in this lawsuit, either with or without consultation. On the other hand, there is no contention that this lawsuit is "the same" matter as the matter in which Lynch formerly represented Junior. The dispositive question is whether this lawsuit is "a substantially related matter."
The substantial relationship test is a judicially created standard, first articulated in T.C. Theatre Corp. v. Warner Bros.Pictures, 113 F. Sup. 265, 268-69 (S.D.N.Y. 1953). Connecticut has followed the Second Circuit in honing this test "in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same.'" Bergeron v. Mackler,225 Conn. 391, 399, 623 A.2d 489 (1993) (quoting Government of IndiaCT Page 9042v. Cook Industries, Inc., 569 F.2d 737, 739-40 (2d Cir. 1978)). "Once a substantial relationship between the prior and the present relationship is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed." Bergeron v. Mackler, supra, 225 Conn. at 399.
Even under the restrictive Second Circuit test, the relationship between the issues in forming a partnership and drafting the partnership agreement and, subsequently, suing a former client for breach of the very same partnership agreement must be considered "patently clear." This analysis is grounded in several factors.
To begin with, all of the counts of the amended complaint incorporate paragraph 1 of the first count, which asserts the formation of the partnership under a written partnership agreement on November 14, 1995. It will be impossible to litigate the case without reference to that event. Of equal seriousness, all of the counts of the amended complaint incorporate paragraph 2 of the first count, which asserts that Junior breached the partnership agreement in various ways in 1998. It will be impossible to litigate the case without reference to the partnership agreement, which as mentioned was drafted by Lynch in his capacity as counsel for both partners. This is of vital importance because Lynch's attorney-client relationship with Junior remains intact "with respect to matters substantially related to the initial matter of engagement." Damron v. Herzog,67 F.3d 211, 214 (9th Cir. 1995), cert. denied, 516 U.S. 1117
(1996). The passage of time referred to by Lynch in his argument does not alter this unalterable fact.
A recent decision of the United States District Court for the District of Connecticut must now be considered. Prisco v.Westgate Entertainment, Inc., 799 F. Sup. 266, 271 (D.Conn. 1992), addresses an ethical question closely analogous to that presented in the present case under controlling Second Circuit authority. In Prisco, as in the present case, the same attorney drafted a partnership agreement and then represented one partner against another in a claim that the partnership agreement had been breached. The attorney in Prisco had been general counsel to a limited partnership with two general partners. He subsequently represented one general partner in a suit against the other. The court (Eginton, J.) held that the attorney, as well as his law firm, was disqualified under Rule 1.9. The court explained that a general counsel to a partnership cannot "take sides in a dispute CT Page 9043 between former partners." Id. at 270. It observed that a general counsel for the partnership is in a position to receive information from the individual partners concerning their "intentions and expectations" regarding their roles in the partnership. Id. It concluded that "a substantial relationship" exists between an attorney's representation of the partners as general counsel to the partnership and his subsequent representation of one partner in a suit against the other over an alleged breach of the partnership agreement. Id. at 270-71.
Prisco is important both because of its closely analogous facts and because the Second Circuit precedent it follows governs the analyses of both State and Federal courts on this issue. The controlling fact in Prisco is that the same attorney drafted the partnership agreement as counsel for both partners and subsequently represented one partner in a suit against the other for an alleged breach of that same agreement. It is true that counsel in Prisco served for some time as "general counsel" to the partnership and that Lynch does not seem to have enjoyed the same title with respect to the partnership at issue in the present case. That, however, is a distinction without a difference. The fact remains that Lynch, who represented both partners in obtaining the real estate owned by the partnership and in drafting the partnership agreement, was, at the time of representation, counsel to both partners on vital aspects of partnership business. He cannot subsequently take sides in a dispute between the former partners concerning an alleged breach of the partnership agreement.
Prisco explains that, "Rule 1.9 is designed to address not only the narrow need to protect a client's confidences, but also to establish broader standards of attorney loyalty and to maintain public confidence in the legal system."799 F. Supp. at 271. The Court recognizes that the disqualification of counsel is necessarily in some tension with a client's right freely to choose his attorney, Bergeron v. Mackler, supra,225 Conn. at 397-98, but the Court's ultimate task is to balance "[t]he competing interests at stake." Id. at 398. Under all of the circumstances of this case, the Court determines that the present lawsuit is substantially related to Lynch's previous actions in drafting the partnership agreement as counsel to both partners and that Rule 1.9 prohibits him from continuing in his present role as counsel to Senior in this litigation.
Under these circumstances, it is also clear that Lynch's CT Page 9044 disqualification extends to the other attorneys in his law firm.Williams v. Warden, 217 Conn. 419, 432 n. 5, 586 A.2d 582 (1991).
The motion to disqualify is granted.
Jon C. Blue Judge of the Superior Court